**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARONTE ANTHONY BROWN, | ) | |
| | ) | Case No. 2:25-cv-01584 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| ALLEGHENY COUNTY JAIL, et al., | ) | |
| | ) | |
| *Respondents*. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Daronte Anthony Brown ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition challenges the legality of Petitioner's pretrial detention at CP-02-CR-0001863-2023 ("1863-2023") filed in the Allegheny Court of Common Pleas in Pittsburgh, Pennsylvania. For the following reasons, Respondents' Motion to Dismiss, ECF No. 10, will be granted and the Petition will be dismissed as moot.

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See*, *e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). While 28 U.S.C. § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 provides federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances. "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by

federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Petitioner is challenging his pretrial detention at 1863-2023. However, Respondents submit that Petitioner pleaded guilty in that case on September 3, 2026, and he was sentenced that same day. The Court takes judicial notice of the fact that the public docket for that case reflects the same information. *See DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). Accordingly, Petitioner is no longer in pretrial custody. Instead, he is now in custody pursuant to his judgment of sentence that was entered on September 3, 2026.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A

court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Petitioner challenges his pretrial detention at 1863-2023, but his guilty plea and sentence render his pretrial detention challenges moot. *See Thorne v. Warden, Brooklyn House of Detention of Men*, 479 F.2d 297, 299 (2d Cir. 1973) (legality of habeas petitioner's pretrial detention mooted by conviction); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (same); *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (same); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (same). Since Petitioner is no longer in pretrial detention, the validity of which he challenges in his Petition, Respondents' Motion to Dismiss will be granted, ECF No. 10, and the Petition will be dismissed as moot. A separate order will be entered.

Dated: October 19, 2026

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc: Daronte Anthony Brown
197588
Allegheny County Jail

950 Second Avenue
Pittsburgh, PA 15219

Counsel for Respondents
(Via CM/ECF electronic mail)